MOSE PRICE v. THE STATE.

No. 721.   Decided October 19, 1910.

**Murder—Means Used—Charge of Court.**

Where, upon trial of murder, the defendant was convicted of manslaughter, and the evidence showed that the knife used by the defendant was an ordinary pocket knife with a blade about two or two and one-half inches long, and the court in his charge specifically instructed the jury that the instrument or means by which the homicide was committed must be taken into consideration and the manner of its use, etc., and also defined a deadly weapon and submitted all the issues arising on the testimony, there was no error.

Appeal from the District Court of Leon.   Tried below before the Honorable S. W. Dean.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—Appellant was tried and convicted in the court below of the offense of manslaughter, and his punishment assessed at two years confinement in the penitentiary.

The record is before us without any bills of exception.   No complaint is made of the charge of the court.   The third ground of appellant's motion for new trial complains that the verdict of the jury is contrary to the law and the evidence, the evidence showing that the instrument or means by which the homicide was committed was one not likely to produce death, and from the manner in which it was used such intention on the part of the defendant does not evidently appear.   Appellant was indicted for murder.   The court in his charge to the jury submitted both issues of murder, manslaughter, aggravated assault and self-defense.   The court specifically instructed the jury that the instrument or means by which a homicide is committed are to be taken into consideration in judging the intent of the party offending, and if the instrument be one not likely to produce death it is not to be presumed that death was designed unless from the manner in which it was used such intention evidently appears.   He further defined to the jury a deadly weapon, and further instructed the jury that where a homicide occurs by the use of means not in their nature calculated to produce death, the person killing is not deemed guilty of the homicide unless it appears that there was an intention to kill but the party from whose act death resulted may be prosecuted for and convicted of any grade of assault and battery.   An inspection of the statement of facts discloses that on the 2d day of September, 1909, at the home of Margaret Osburn in Leon County, Texas, several parties were gathered there, and it seems that appellant came

up and one of the women commenced accusing him of talking about the women at Beaver Dam, and claiming that he had been keeping all the women. The appellant denied making the statement. The woman said that deceased Sam Billups accused the defendant of making the statement. The defendant remarked to the woman that he knew how many women he kept. The defendant left that part of the house and went and sat down by the witness Mark Jackson, who was mending a well roller on the outside of the house. Mark Jackson had his knife out and had laid it down on the ground. The deceased, Sam Billups, came up to the defendant, and, as the State witnesses say, laid his hand on defendant's hand and remarked to the defendant, "If I were you I would tell the woman I was just joking." The appellant reached up and stabbed the deceased, striking him on the inside of the thigh, severing the femoral artery. The deceased walked off a few steps, fell down and bled to death shortly. The defendant's theory of the case was, and some proof was offered to that effect, that when deceased came up to where defendant was sitting down by the side of Jackson he commenced denouncing him as a liar and a scoundrel and struck him with either a knife or rock when defendant stabbed him. The issue of self-defense was submitted by the court to the jury. The proof was that the knife used was an ordinary pocket knife with a blade about two or two and one-half inches long. The question of intent to kill was submitted in the charge of the court. No complaint was made of this. All the issues arising from the testimony were submitted in the court's charge.

It was an issue of fact to be determined by the jury as to whether the instrument used was calculated to produce death, and whether there was an intention to kill or not. No complaint whatever is made of the charge of the court.

Finding no rerror in the record the judgment is affirmed.

*Affirmed.*